

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAR 1 7 2008
J T NOBLIN, CLERK
BY_____ DEPUTY

CONTACT NETWORK, INC.                                    PLAINTIFF

VERSUS                          CIVIL ACTION NO. 3:08cv156 HTW-LRA

TODD GOODEN, BRANDI GOODEN,
HUEY KROHN, AND GINA KROHN                               DEFENDANTS

## COMPLAINT

COMES NOW the Plaintiff Contact Network, Inc. and files this is Complaint against Todd Gooden, Brandi Gooden, Huey Krohn and Gina Krohn ("Defendants") and states as follows:

1. Contact Network, Inc. ("Contact Network") is an Alabama corporation licensed to do business in the State of Mississippi and having its principal place of business at 600 Lakeshore Parkway, Birmingham, Alabama 35209.

2. Todd Gooden is an adult resident citizen of Rankin County, Mississippi whose address is 103 Lakeview Road, Brandon, Mississippi 39047.

3. Brandi Gooden is an adult resident citizen of Rankin County, Mississippi whose address is 103 Lakeview Road, Brandon, Mississippi 39047.

4. Huey Krohn is an adult resident citizen of Rankin County, Mississippi whose address is 105 Lakeview Road, Brandon, Mississippi 39047.

5. Gina Krohn is an adult resident citizen of Rankin County, Mississippi whose address is 105 Lakeview Road, Brandon, Mississippi 39047.

89293.1

6. K. G. Incorporated ("KGI") is a Mississippi corporation, which was used by the Defendants in unfair competition against Contact Network and used to convert funds rightfully belonging to Contact Network, and which has a principal office address at 4294 Lakeland Drive, Suite 200, Flowood, Mississippi, and which may be served with process on its Registered Agent and Incorporator Brandi Gooden at 103 Lakeview Road, Brandon, Mississippi 39047.

7. The Solutions Team, Inc., is a Mississippi corporation created by Defendants to compete against Contact Network and which may be served process on its Registered Agent and Incorporator Brandi Gooden at 4294 Lakeland Drive, Suite 200, Flowood, Mississippi 39232.

8. Defendants are represented by attorney Charles R. Saltzman of the Saltzman Law Firm, 125 S. Congress Street, Suite 1208, Jackson, Mississippi 39205.

9. This Court has diversity jurisdiction inasmuch as the Plaintiff and Defendants are diverse and the matter in controversy exceeds the sum specified in 28 U.S.C. § 1332.

10. Jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. § 1391.

11. This Court has jurisdiction and authority over the matters raised in Plaintiff's Complaint because they are expressly excepted from the mandatory arbitration provisions of Section 16 of the Employment Contracts between Plaintiff and Defendants. (See Employment Contracts which are attached hereto as Exhibits "A," "B," "C" and "D."

12. Todd Gooden and Huey Krohn owned and managed a technology solutions cabling business known as Consultrix Technologies, Inc. ("Consultrix"). Under their management, Consultrix went bankrupt and filed for Chapter 11 Bankruptcy protection on June 26, 2006.

13. Around November 30, 2006, Contact Network purchased the equipment and good will of Consultrix. (See the Asset Purchase and Sale Agreement, Exhibit "1" hereto.)

14. On November 21, 2006, Todd Gooden, Brandi Gooden, Huey Krohn and Gina Krohn signed Employment Contracts with Contact Network. Gina Krohn resigned a new, similar Employment Contract on January 15, 2007. See Exhibits "A," "B," "C" and "D."

15. Todd Gooden, Brandi Gooden, Huey Krohn and Gina Krohn promised and agreed that, among other things, they would not engage in any business competing, directly or indirectly, with Contact Network and would not engage in, directly or indirectly, any active work or other outside activity which prevented them from devoting sufficient time, energy and skill to the performance of their duties owed to Contact Network.

16. Huey Krohn, Gina Krohn, Todd Gooden and Brandi Gooden promised and contractually agreed, among other things, to not use or disclose any confidential information including but not limited to customer lists or other information related to companies, firms or persons doing business with Contact Network. See paragraph 6 of the Employment Contracts, Exhibits "A," "B," "C" and "D" to the original Complaint.

17. Huey Krohn, Gina Krohn, Todd Gooden and Brandi Gooden promised and contractually agreed, among other things, to not solicit any customers of Contact Network with the purpose of soliciting to sell or selling any products similar to those products sold by Contact Network; to not solicit, divert or take away any customers of Contact Network; to not engage in a business similar to that of Contact Network in the territories in which they had worked for Contact Network; to not solicit or attempt to solicit business from any person or entity in competition against Contact Network and to not solicit any employee of Contact Network to leave Contact Network. See paragraph 9 of the Employment Contracts, Exhibits "A," "B," "C" and "D."

18. Contact Network brings these claims before this Court under the exception to mandatory arbitration found in paragraph 16 of the Employment Contracts between Huey Krohn, Gina Krohn, Todd Gooden and Brandi Gooden and Contact Network. (See paragraph 16 of Exhibits "A," "B," "C" and "D."

19. The Asset Purchase and Sales Agreement by and between Consultrix and Contact Network through which Contact Network bought the assets and goodwill of Consultrix out of bankruptcy also prohibited competitive activity against Contact Network.

20. Section 7.11 of the Asset Purchase and Sale Agreement provides that "for a period of two (2) years from the Closing Date, Seller agrees not to compete with Buyer, and not to offer for sale products and related services substantially competitively related to the Consultrix Business Assets, with respect to entities compromising customers and prospects." (See Asset Purchase and Sale Agreement, Exhibit "E" hereto.)

21. In December 2006, a Contact Network customer, Tower Loan, sought services from Contact Network including installation of voice and data cable.

22. In December 2006 Todd Gooden and Huey Krohn usurped and converted a Contact Network's business opportunity and profit for their own use.

23. Defendants have violated their promises and contractual obligations not to compete against Contact Network by contacting customers and prospects of Contact Network and soliciting their business, both verbally and in writing.

24. Defendants have, in violation of their contractual commitments and through unfair competition, taken business away from Contact Network and its employees.

25. By engaging in competition against Contact Network from at least as early as December 2006 and continuing to the present, Huey Krohn, Gina Krohn, Todd Gooden and

Brandi Gooden have breached provisions of their Employment Contracts and have damaged Contact Network.

26. By engaging in competitive activities against Contact Network from at least as early as December 2006 and continuing to the present, Huey Krohn, Gina Krohn, Todd Gooden and Brandi Gooden have violated Section 7.11 of the Asset Purchase and Sale Agreement and are thereby liable for the damages suffered by Contact Network.

27. As a result of Huey Krohn's, Gina Krohn's, Todd Gooden's and Brandi Gooden's actions in violation of provisions of their Employment Contract, the Asset Purchase and Sale Agreement, and their unfair competition, Contact Network has suffered and continues to suffer damage and loss.

28. In discussions regarding the filing of a lawsuit immediately following their termination of employment, Huey Krohn, Gina Krohn, Todd Gooden and Brandi Gooden discussed and planned the altering of documentary evidence for the purpose of misrepresenting facts to the Court.

## COUNT ONE

## PRELIMINARY AND PERMANENT INJUNCTION

29. The allegations in paragraphs 1 through 28 are repeated and realleged by this reference.

30. The actions of the Defendants in breaching provisions of their Employment Contracts with Contact Network, and by breaching the Asset Purchase and Sale Agreement, by unfairly competing against and diverting customers and business away from Contact Network, have caused and are continuing to cause irreparable harm to Contact Network. Accordingly, Contact Network is entitled, pursuant to Fed.R.Civ.P. 65, to a preliminary and permanent

injunction against Defendants enjoining them from such unfair competition and breach of their agreements.

## COUNT TWO – BREACH OF CONTRACT

31. The allegations of paragraphs 1 through 30 are incorporated herein by reference.

32. By soliciting, diverting and servicing customers and prospects of Contact Network and by unfairly competing against Contact Network, Defendants have breached terms of their Employment Contracts with Contact Network.

33. By soliciting, diverting and servicing customers and prospects of Contact Network and by unfairly competing against Contact Network, Defendants have breached the terms of the Asset Purchase and Sale Agreement.

34. As a result of these breaches of contract, Contact Network has been harmed and has sustained substantial damages, for which Defendants are liable.

## COUNT THREE – BAD FAITH TORTIOUS BREACH OF CONTRACT

35. The allegations of paragraphs 1 through 34 are incorporated herein by reference.

36. By soliciting, diverting and servicing customers and prospects of Contact Network and by unfairly competing against Contact Network, Defendants have breached terms of their Employment Contracts with Contact Network.

37. By soliciting, diverting and servicing customers and prospects of Contact Network and by unfairly competing against Contact Network, Defendants have breached the terms of the Asset Purchase and Sale Agreement.

38. As a result of these breaches of contract, Contact Network has been harmed and has sustained substantial damages, for which Defendants are liable.

39. Defendants' bad faith and intentional, willful and wanton or grossly negligent breaches of their Employment contracts and the Asset Purchase and Sales Agreement, were so

outrageous as to constitute an independent tort justifying an award of punitive damages against the Defendants.

### COUNT THREE – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

40. The allegations in paragraphs 1 through 39 are repeated and realleged by this reference.

41. The actions of Defendants in soliciting, diverting and servicing customers and potential customers of Contact Network in unfair competition and in violation of their agreements with Contact Network constitute tortious interference with Contact Network's business relations.

42. Defendants' actions in this regard were wrongfully undertaken to interfere with and injure Contact Network and its business.

43. Defendants' conduct in this matter has directly and proximately caused and continues to cause loss and damage to Contact Network. Defendants are, therefore, liable to Contact Network for tortious interference with Contact Networks' business relations.

44. Defendants' actions in this matter were willful, wanton and undertaken with a knowing or reckless disregard for the rights of Contact Network; consequently, Defendants are liable for punitive damages to deter such conduct in the future in an amount to be shown at trial.

### COUNT FOUR - BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

45. The allegations in paragraphs 1 through 44 are repeated and realleged by this reference.

46. The Employment Contracts and Asset Purchase and Sale Agreement imposed upon Defendants an obligation of good faith and fair dealing with respect to Contact Network, including their obligation to abide by the terms they contractually agreed to honor.

47. Defendants' conduct as referenced herein above, constitutes a flagrant breach of their duty to deal with Contact Network fairly and in good faith.

48. Such willful and intentional conduct by Defendants constitutes bad faith, and violates the standards of decency, fairness and reasonableness with respect to their contractual obligations to Contact Network. Defendants' bad faith breach of their obligations of good faith and fair dealing has directly and proximately caused and continues to cause harm to Contact Network.

49. Defendants' actions as referenced herein above were willful, wanton and undertaken with a knowing or reckless disregard for the rights of Contact Network; consequently, Defendants are liable for punitive damages to deter such conduct in the future in an amount to be shown at trial.

## COUNT FIVE – TORTIOUS INTERFERENCE WITH CONTRACT

50. The allegations in paragraphs 1 through 49 are repeated and realleged by this reference.

51. By engaging in the conduct described herein above, Defendants have tortiously and intentionally interfered with Contact Network's Employment Contracts, Asset Purchase and Sale Agreement, and its contractual relationships with its customers. Such interference has been for Defendants' own benefit, without justification and at the expense of Contact Network.

52. By engaging in the conduct described above, Defendants' actions have caused and continue to cause Contact Network substantial financial harm through the loss of business, sales, profits and good will.

53. Defendants' actions were willful, wanton and undertaken with a knowing or reckless disregard of the rights of Contact Network and Defendants are therefore liable for punitive damages to deter such conduct in the future in an amount to be shown at trial.

## COUNT SIX – BREACH OF COVENANT NOT TO COMPETE

54. The allegations of paragraphs 1 through 53 are repeated and realleged by this reference.

55. The actions of the Defendants, described in part herein above, constitute breaches of their covenants not to compete with Contact Network and have caused and continue to cause damage and loss to Contact Network. Accordingly, Contact Network is entitled to damages from the Defendants.

## COUNT SEVEN – CONVERSION

56. The allegations of paragraphs 1 through 55 are repeated and realleged by this reference.

57. The conduct of the Defendants described in part herein above including, but not limited to, the diverting of payments from Tower Loan for their own use, the diverting of business opportunities from other customers and prospective customers of Contact Network, and the taking of information, data and equipment from Contact Network for their own use, constitutes unlawful conversion, for which Defendants are liable to the Plaintiffs.

58. Defendants' acts in this matter were willful, wanton and undertaken with a known or reckless disregard for the rights of Contact Network; consequently, Defendants are liable for punitive damages to deter such conduct in the future in an amount to be shown at trial.

## COUNT EIGHT – CONSPIRACY

59. The allegations of paragraphs 1 through 58 are repeated and realleged by this reference.

60. Both while at work for Contact Network and while away from work, both at their own expense and at the expense of Contact Network, Defendants met personally, telephonically, and electronically, to plan the creation of a competitive business, to compete with Contact

Network and to divert Contact Network's business opportunities for their own personal gain and to the detriment of Contact Network. In addition, by the actions complained of herein, Defendants conspired together to interfere with Contact Network's contractual and business relations with its customers and potential customers and to cause damage to Contact Network.

61. Defendants' actions in this matter and directly and approximately caused and continue to cause loss and damage to Contact Network. Defendants are, therefore, liable to Contact Network for the damages caused by their actions.

62. Defendants' actions in this matter were willful, wanton and undertaken with a knowing or reckless disregard for the rights of Contact Network; consequently, Defendants are liable for punitive damages to deter such conduct in the future in an amount to be shown at trial.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Contact Network demands judgment of and from the Defendants in a reasonable amount to be determined at a trial of this matter; for specific performance and injunctive relief; for damages for breach of contract; bad faith breach of contract; tortious interference with business; tortious interference with contract; breach of duty of good faith and fair dealing; breach of covenant not to compete; conversion and conspiracy; for punitive damages as a deterrent against misconduct by the Defendants, and for all costs and attorneys' fees resulting from this action.

Respectfully submitted, this 12th day of March, 2008.

CONTACT NETWORK, INC.

BY: *[signature]*
Armin J. Moeller, Jr. (3399)
David M. Thomas, II (8120)
BALCH & BINGHAM LLP
401 East Capitol Street, Suite 200
Jackson, MS 39201
Tele: 601-961-9900/Fax: (601) 961-4466